### ELIZABETH PROCTOR v. THE STATE.

*No. 835. Decided April 15th, 1896.*

**Adultery—Charge of Court—Limitation.**

On a trial for adultery, where it appeared that the complaint upon which the information was based was filed on the 20th of July, 1895, but the information was not filed until the 22nd of August thereafter; and, there was more evidence tending to show adultery after the complaint was filed, than before, the charge of the court which authorized a conviction for an offense at any time within two years before the filing of the information, was erroneous. It should have confined the period of conviction to a time anterior to the making of the complaint.

APPEAL from the County Court of Robertson. Tried below before Hon. O. D. CANNON, County Judge.

Appeal from a conviction for adultery; penalty, a fine of $100.

The opinion states the case.

*J. L. Goodman* and *Simmons & Crawford,* for appellant.—The charge of the court must be limited to, and correspond with, the allegations; and the evidence must affirmatively show, and the court's charge must so state, that the offense was committed anterior to the making of the complaint. Lanham v. State, 9 Tex. Crim. App., 232; Womack v. State, 31 Tex. Crim. Rep., 41.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of adultery, and her punishment assessed at a fine of $100, and she prosecutes this appeal. The only question in this case that needs to be considered is the charge of the court with reference to the period of time within which the jury would be authorized to find the appellant guilty. The complaint in this case was made on the 20th day of July, 1895, and the information was filed on the 22d day of August thereafter. The court instructed the jury that they would be authorized to convict the defend-

ant if they found from the evidence that she and Steve Brown lived together in adultery (the said Brown being a married man) at any time within two years next before the filing of the information herein.   The evidence in this connection shows that Elizabeth Proctor, by request of Steve Brown and his wife, went to live with them several months before the 20th of July; and that, some time during said month of July, Eliza Brown (the wife of Steve Brown) caught the defendant in bed with her husband, Steve Brown, under suspicious circumstances.   It appears that the next morning the said Eliza Brown abandoned her home, and left her husband, Steve Brown, who continued still to inhabit said home for two or three weeks thereafter, the said Elizabeth Proctor remaining with him in the same house.   After the said Eliza Brown ceased to live at said house, the State proved by two witnesses, circumstantially, two other acts of intercourse between the defendant, Elizabeth Proctor, and the said Steve Brown.   While it is not directly shown whether the affidavit in this case was made immediately on the discovery by Eliza Brown of the act of intercourse between her husband and the defendant, Elizabeth Proctor, we take it that the affidavit must have been made within the next day or two thereafter, and that the other acts of intercourse testified about by the State's witnesses occurred after this.   If the charge of the court had confined the period of conviction to a time anterior to the making of the complaint, it would have been proper; but the jury were not authorized to convict the defendant in this case for living in adultery with said Steve Brown after the filing of the said affidavit, and under the circumstances of this case, instead of being instructed that they could convict the defendant for living in adultery with the said Steve Brown at any time anterior to the filing of the information, they should have been directly instructed that they could not convict the defendant for living in adultery for any period of time after the filing of said complaint.   There was more testimony in this case to support the charge of adultery during the time subsequent to the filing of the said complaint than anterior to that time, and therefore the greater necessity to have guarded the jury against a conviction on account of acts transpiring after the making of the complaint in this case. For the error of the court in its charge on this subject, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*